IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamie C. Batchelor,<br><br>       Plaintiff,<br><br>vs.<br><br>Oyster Catcher One, Inc. a.k.a.<br>Palmetto Food Services, Inc. a.k.a<br>Noisy Oyster Summerville #4444<br>d/b/a Noisy Oyster Seafood<br>Restaurant, Wayout Properties, LLC<br>a.k.a. Palmetto Food Services, Inc.<br>a.k.a Noisy Oyster Summerville #4444<br>d/b/a Noisy Oyster Seafood Restaurant,<br>Ronald Wade Boals, individually,<br>and Paul Brett Yearout, individually,,<br><br>       Defendant. | Civil Action No. 2:12-2162-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendants' partial motion to dismiss [Doc. 5], pursuant to Federal Rule of Civil Procedure 12. The plaintiff alleges claims for (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and (2) breach of contract.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The plaintiff was hired by the defendant Oyster Catcher, Inc. on or about August 2007. In mid-March of 2010, the plaintiff entered into a personal relationship with the defendant Oyster Catcher, Inc.'s General Manager, John Parker. (Compl. ¶ 19.) On or about May 7, 2010, Parker informed the plaintiff that the defendant had decided that the plaintiff could either transfer to another location and be demoted from a bartender to a waitress or that they would terminate her employment. *Id.* ¶ 22.

The plaintiff claims that she was subjected to harassment by the defendant for wrongfully terminating her based on her personal involvement with the general manager, John Parker. Due to this relationship, the plaintiff also contends that she was subjected to discrimination, on or about May 7, 2010, when she was demoted from bartender to a server. The plaintiff alleges she was then fired in retaliation for the complaints of gender discrimination.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The plaintiff has agreed to dismiss all defendants except Oyster Catcher, Inc. (Pl. Resp. at 1.) This concession obviates most of the defendants' motion.

2

The remaining defendant, Oyster Catcher, however, would also move for dismissal of the plaintiff's breach of contract claim. The plaintiff claims that the defendant breached an employment contract with her, evidenced by the defendant's handbook. (Compl. ¶¶ 44-51.) There is no dispute that the plaintiff's employment was indefinite in term.

South Carolina law provides that "termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002); *Williams v. Riedman*, 529 S.E.2d 28, 32 (S.C. Ct. App. 2000). Under certain circumstances, however, an at-will employment arrangement can be modified by an oral promise, *see Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or by "[m]andatory, progressive discipline procedures . . .," *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005). The South Carolina Supreme Court has stated that "[m]andatory, progressive discipline procedures may constitute enforceable promises." *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005). "Such procedures typically provide that an employee may be fired only after certain steps are taken." *Id.* The supreme court stated further, "When definite and mandatory, these procedures impose a limitation on the employer's right to terminate an employee at any time, for any reason." *Id.*

The plaintiff, here, has identified plentiful "mandatory" language in the handbook. (Compl. ¶ 48.) Unfortunately, all of the cited language is mandatory only as to the *employee's* responsibilities, as in ***"DO NOT MAKE A POPPING SOUND WITH THE CORK!!!***" and "***DO NOT*** spend time giving lengthy explanations." *Id.* None of this language imposes responsibilities upon the *defendant employer* in discipline, termination, or otherwise, as the breach of contract cause requires. *See Hessenthaler*, 616 S.E.2d at 698 (involving "[m]andatory, progressive *discipline procedures*"). In other words, the plaintiff has not explained what promise the defendant made to her, which was breached by its action in terminating her employment. The defendant did not indicate, in its handbook, that in the

3

event the plaintiff at all times was able to avoid "popping the cork" she would thereafter be entitled to a probationary period or write-up or personal improvement plan or some other disciplinary protection. The defendant simply demanded that she not "pop the cork," among other expectations. It promised nothing, permissively or mandatorily.

No opportunity to amend or to make a more definite statement seems provident. The plaintiff has cited exhaustively from the handbook without effect. The handbook does not include promises flowing from the defendant to the plaintiff -- only demands.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motion to dismiss [Doc. 5] should be GRANTED. Specifically, the defendants' motion as to the dismissal of all defendants except Oyster Catcher, Inc. should be GRANTED and those parties dismissed from the case. With respect to the plaintiff's breach of contract claim, the motion should be GRANTED and that claim dismissed *with prejudice*.

IT IS SO RECOMMENDED.

                                                                                s/Bruce Howe Hendricks
United States Magistrate Judge

November 6, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).