IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK, CHARLESTON, SC

2012 NOV 28  P 1: 24

| | |
|---|---|
| Jamie C. Batchelor, | ) |
| | ) Case No. 2:12-cv-2162-RMG |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Oyster Catcher One, Inc. a.k.a. Palmetto Food Services, Inc. a.k.a. Noisy Oyster Summerville #4444 d/b/a Noisy Oyster Seafood Restaurant, Wayout Properties, LLC a.k.a. Palmetto Food Services, Inc., a.k.a. Noisy Oyster Summerville #4444 d/b/a Noisy Oyster Restaurant, Ronald Wade Boals, individually, and Paul Brett Yearout, individually, | ) |
| Defendants. | ) |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that Defendants' partial motion to dismiss be granted. For the reasons set forth below, the Court agrees with and adopts the Magistrate's Report and Recommendation.

**Background**

Plaintiff brought this employment action alleging violation of Title VII of the Civil Rights Act of 1964, as amended, and breach of contract. (Dkt. No. 1). This case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. On August 29, 2012, Defendants filed a partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 5). Plaintiff subsequently filed a response. (Dkt. No. 10). On November 7, 2012, the Magistrate issued a Report and Recommendation ("R&R")

recommending that this Court grant Defendants' partial motion to dismiss. (Dkt. No. 11). Plaintiff failed to timely file objections to the R&R.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This matter comes before the Court on Defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." To survive such a motion, the Plaintiff must allege in her complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may consider a document explicitly relied upon in the complaint when deciding a motion

2

to dismiss. *See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

The Court, having reviewed the record and R&R and finding no clear error, agrees with and adopts the R&R as the order of the Court. Defendants' motion to dismiss seeks dismissal of all Defendants except Oyster Catcher One, Inc. as to Plaintiff's Title VII claim, and dismissal of all Defendants as to Plaintiff's breach of contract claim. (Dkt. No. 5). Plaintiff has agreed to dismiss without prejudice all Defendants from this action except for Oyster Catcher One, Inc., but argues her breach of contract claim should survive. (Dkt. No. 10 at 1). Plaintiff's breach of contract claim is premised on language contained in the employee handbook which she has attached to her Complaint. (Dkt. No. 1-1). The Magistrate, however, found that the handbook contained no promises on which a contract claim may be based. (Dkt. No. 11 at 3-5). The Court finds this conclusion is supported by the evidence and applicable law, and therefore agrees that Plaintiff's breach of contract claim should be dismissed with prejudice.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate (Dkt. No. 11) and therefore GRANTS Defendants' partial motion to dismiss (Dkt. No. 5). Accordingly, all Defendants except for Oyster Catcher One, Inc. are dismissed *without prejudice* and Plaintiff's breach of contract claim is dismissed *with prejudice*.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 28, 2012
Charleston, South Carolina

3